488

# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Commonwealth of Virginia

v.

Alan Stevenson

Case No. CR01-1392

BY JUDGE DEAN W. SWORD, JR.

May 6, 2002

After conducting the evidentiary hearing and considering the authorities in the memorandum filed by the defendant, the court is of the opinion that the motion should be denied.

June 5, 2002

I have decided to file this supplemental opinion in response to the motion to suppress the statement filed by the defendant. While I still am denying the motion, I feel that the record deserves more than was contained in my letter of May 6, 2002.

At the hearing held on April 1, 2002, and April 10, 2002, the court heard evidence as follows.

(1) The defendant was arrested, and contemporaneous with his arrest, given the customary *Miranda* advice.

(2) Sometime later that day, some form of statement was given to the police.

(3) On the next day, counsel was appointed to represent the defendant by a judge of the General District Court.

(4) Following the appointment of counsel, several conferences at which either defense counsel was present or that were arranged with his consent were held and defendant provided information, which apparently may incriminate him. No evidence reflecting the substance of this information has been presented to the court; therefore, we will assume the statement is incriminating.

(5) The defendant has been in continuous custody since his initial arrest.

(6) There is no evidence that any additional *Miranda* cautions have been given other than the one at his arrest.

(7) There is no evidence that the defendant ever invoked his Fifth Amendment right to remain silent following the *Miranda* warning.

(8) There is no evidence that the defendant's Sixth Amendment right to counsel was invoked prior to his making the initial statement. The evidence is, however, clear that, following his formal arrest, counsel was provided and all subsequent contacts between the defendant and the police were sanctioned by defense counsel by either his presence or agreement.

It is well established that, once a person is in police custody, he must be given the warnings established by *Miranda v. Arizona*, 384, U.S. 436, 445 (1966). We have found from this evidence that the defendant had been taken into police custody prior to his interrogation.

The evidence before the court also is undisputed that the caution given to this defendant was a proper *Miranda* warning. While the defendant raises no Sixth Amendment right to counsel issues, a waiver of these rights following a proper *Miranda* warning may be made. See *Patterson v. Illinois*, 487 U.S. 285, 101 L. Ed. 2d 261, 108 S. Ct. 2389 (1988).

It is also clear that further interrogations of the defendant after his arrest and appointment of counsel do not create an *Edwards* problem in that the various conferences were held with the consent of defense counsel and the agreement of the defendant. See *Edwards v. Arizona*, 451 U.S. 477, 68 L. Ed. 2d 378, 101 S. Ct. 1880 (1981).

The issue that must be decided here is whether or not the failure (this must be assumed due to the lack of evidence to the contrary) to give any further *Miranda* warnings prior to the various conferences with the police makes the information obtained subject to being suppressed.

To make matters more interesting, the court is unaware of any case that is factually on point on this precise issue. An examination of *Miranda* and some of the cases construing it are, however, helpful. (It should be noted that the Virginia Court of Appeals has adopted a position that "the protections afforded under the Virginia Constitution are co-extensive with those in the United States Constitution." *Sabo v. Commonwealth*, 38 Va. App. 63, 77, 561

S.E.2d 761 (2002).) Based upon this line of cases, we can decide this matter solely upon federal constitutional law.

What then does the oft-cited *Miranda* decision require?

It is generally accepted that *Miranda* represented a refinement by the U.S. Supreme Court of its 1964 decision of *Escobedo v. Illinois*, 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758, 4 Ohio Misc. 197, 32 Ohio Op. 2d 31 (1964). *Escobedo* had established the right of the defendant to be warned as to his right to remain silent and to have counsel; however, it only required such warnings to be given when the focus of the interrogation changed from "investigatory to accusatory."

We then examine *Miranda* with an eye to how it applies to our case and why.

Throughout the opinion, it becomes clear that the majority of the court sought to protect the Fifth Amendment right of an accused not to incriminate himself. Citing police manuals dealing with interrogation techniques, Chief Justice Warren seemed concerned about the ability of police to secure a confession when an accused was isolated with the police. *Miranda*, at pp. 445-58.

A fair reading of *Miranda*, however, leads one to the conclusion that what the court was extremely concerned about was the lack of access to counsel and its coercive effect.

> There [*Escobedo*], as in the cases today, we sought a protective device to dispel the compelling atmosphere of the interrogation. . . . The denial of the defendant's request for an attorney thus undermined his ability to exercise the privilege — to remain silent if he chose or to speak without any intimidation, blatant or subtle. *The presence of counsel . . . would be the adequate protective device necessary to make the process of police interrogation conforms to the dictates of the privilege. His presence would insure that statements made in the government-established atmosphere are not the products of compulsion.*

*Miranda*, at pp. 465-66 (emphasis added).

A literal reading of *Miranda* would seem to answer our questions. There are, however, several cases that should be touched upon in passing.

*Minnick v. Mississippi*, 498 U.S. 146, 153, 112 L. Ed. 2d 489, 111 S. Ct. 486 (1990), slightly qualifies *Miranda* in that "A single consultation with an attorney does not remove the suspect from persistent attempts by officials to persuade him to waive his rights. . . ." But again note the following language:

"the need for counsel to protect the Fifth Amendment privilege comprehends not merely a right to consult with counsel prior to questioning, but also to have counsel present during any questioning if the defendant so desires." See also *Commonwealth v. Gregory*, 263 Va. 134, 147, 557 S.E.2d 715 (2002), citing *Minnick* as controlling authority in Virginia and noting that the purpose of *Miranda* warnings are to "counteract the 'inherently compelling pressures' of custodial interrogation and to 'permit full opportunity to exercise the privilege against self-incrimination. . . .'" *Gates v. Commonwealth*, 30 Va. App. 352, 360, 516 S.E.2d 731 (1999) ("police may not reinitiate interrogation without counsel present").

While it is reasonably clear as to what cannot be done, may we then use this as the standard for what then becomes legally acceptable?

Obviously before a custodial interrogation occurs, *Miranda* requires that four core warnings be given. See the discussion above. Once the warning is given and a valid waiver occurs, the police are allowed to proceed. This waiver typically waives the Sixth Amendment right to counsel also. When formal charges were filed, this defendant presumably requested counsel, but, in any event, counsel was provided. At this point, the *Edwards* rule would apply and counsel would in most instances be required to be present to advise and consult with the defendant. This was done.

Finally, was there a requirement that, when the defendant was interrogated in the presence of his counsel and with his consent, that *Miranda* warnings be given? This court, upon a reading of *Miranda*, rejects such a requirement. The clear spirit of *Miranda* is to protect the right against self-incrimination by advising and encouraging the defendant to seek legal advice from counsel responsible to him. It is illogical to provide counsel and while in the presence of that counsel to require the police to caution a defendant. This is clearly what counsel is for.

The court can only conclude that the rights of this defendant were properly observed by the police and he may not put the "cat back into the bag" now that he has new counsel.